UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

XIOMARA LUGO,
a citizen and resident of Florida,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff XIOMARA LUGO, a citizen and resident of Florida, sues Defendant CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES, and alleges:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff XIOMARA LUGO is sui juris and is a resident and citizen of the State of Florida.

3. Defendant CARNIVAL CORPORATION is a Panamanian Corporation doing business as CARNIVAL CRUISE LINES (CARNIVAL) with its principal place of business in Miami, Miami-Dade County, Florida. CARNIVAL is therefore a citizen both of Panama and of Florida for purposes of determining subject matter jurisdiction over this action.

*Lugo v. Carnival Corporation*
*Case No.*

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1333, based on admiralty. The events and injuries alleged below occurred on navigable waters and arose from activities connected to traditional maritime activity, the operation of a passenger cruise vessel.

5. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, Carnival including the Plaintiff.

7. In the operative ticket contract, CARNIVAL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because CARNIVAL's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action, Carnival including providing the Defendant a timely written notice of claim as required by the ticket contract, via a letter of March 29, 2022, a copy of which is attached as Exhibit 1.

## LIABILITY AND DAMAGE ALLEGATIONS
## COMMON TO ALL COUNTS

10. At all material times, Defendant CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "VALOR."

*Lugo v. Carnival Corporation*
*Case No.*

11. At all material times, Defendant CARNIVAL operated, managed, maintained and was in exclusive control of the "VALOR."

12. At all material times, Carnival including the injury date of February 20, 2022, the Plaintiff was a fare paying passenger aboard the "VALOR" and in that capacity was lawfully present aboard the vessel.

13. On February 20, 2022, while the Plaintiff was aboard the "VALOR" as a fare paying passenger, she was walking on Deck 5 of the vessel, passing the Red Frog Bar located on that deck, when she slipped on a wet or slippery transient foreign substance. The Plaintiff thereby slipped, fell and sustained serious injuries, including a fractured left femur requiring surgical repair.

14. At all material times, the Defendant had actual and/or constructive notice of the dangerous condition described above, due to the length of time the wet, slippery condition had been present before the Plaintiff slipped on it and fell, the Defendant's inspection schedule and cleaning policies for the area in question, the recurring nature of the condition, prior similar incidents, the high traffic nature of the subject area, or otherwise. *See Williams v. Carnival Corp.*, 440 F.Supp.3d 1316 (S.D. Fla. 2020)(slip and fall on water behind the Red Frog Bar on the Carnival "LIBERTY"; CARNIVAL crew are trained and instructed to monitor the area of the Red Frog Bar for spills). Additional evidence of notice comes from the large size of the wet area on which Plaintiff slipped, supporting an inference that the water or liquid had been present for some time before Plaintiff fell. Additionally, CARNIVAL crew members were present within ten to fifteen feet of the area where Plaintiff fell at the time she fell, thereby having an opportunity if exercising reasonable care to observe the large wet area and take corrective action.

*Lugo v. Carnival Corporation*
*Case No.*

15. As a direct and proximate result of the fall described in Paragraph 13, the Plaintiff was injured in and about her body and extremities, sustaining injuries including a left femur fracture, and suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life, and aggravation or activation of preexisting conditions. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries. The future medical and health care expenses are reasonably certain to occur. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE

16. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and furtherance alleges the following matters.

17. At all material times Defendant CARNIVAL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to maintain its vessel in a reasonably safe condition.

18. At all material times there existed a dangerous condition on the walking surface of Deck 5, near the Red Frog Bar, to-wit: a wet or slippery transient foreign substance on the deck surface as described in Paragraph 13 above.

19. At all material times, CARNIVAL, had actual or constructive notice of the dangerous condition referenced above for the reasons alleged in Paragraph 14 above.

*Lugo v. Carnival Corporation*
*Case No.*

20. Notwithstanding the actual or constructive knowledge of CARNIVAL as alleged above, CARNIVAL failed to detect or correct the hazardous condition before the Plaintiff slipped and fell as alleged in Paragraph 13 above.

21. At all material times, CARNIVAL breached its duty to Plaintiff. The specific acts of negligence of CARNIVAL for which CARNIVAL is directly liable as alleged above, include: failure to conduct sufficiently frequent or timely inspections of Deck 5 near the Red Frog Bar in order to detect hazardous conditions such as the wet, slippery deck surface present at the time Plaintiff slipped and fell; b) failure to maintain Deck 5 near the Red Frog Bar in a reasonably safe condition; c) failure to clean and dry Deck 5 near the Red Frog Bar in a timely manner; d) failure to correct the dangerous condition in a timely manner; and e) failure to cordon off the dangerous area pending cleaning and drying of the deck surface.

22. As a direct and proximate result of the negligence of CARNIVAL as described above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 15.

**WHEREFORE,** the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

### COUNT II - NEGLIGENT FAILURE TO WARN OF HAZARD

23. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and furtherance alleges the following matters.

24. At all material times Defendant CARNIVAL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to

*Lugo v. Carnival Corporation*
*Case No.*

warn passengers including the Plaintiff while onboard of dangerous conditions of which it had actual or constructive notice.

25. At all material times there existed a dangerous condition on the walking surface of Deck 5, near the Red Frog Bar, to-wit: a wet or slippery transient foreign substance on the deck surface as described in Paragraph 13 above.

26. At all material times, CARNIVAL, had actual or constructive notice of the dangerous condition referenced above for the reasons alleged in Paragraph 14 above.

28. Notwithstanding its actual or constructive knowledge of the dangerous condition as alleged above, CARNIVAL at all material times failed to warn passengers including the Plaintiff of the hazardous condition before the Plaintiff slipped and fell as alleged in Paragraph 13 above.

29. At all material times, CARNIVAL breached its duty to Plaintiff. The specific acts of negligence of CARNIVAL for which CARNIVAL is directly liable as alleged above, include failing to warn of dangerous condition through written or orally delivered warnings, appropriate signage, markings, or placement of cones, cordoning off the dangerous area pending its cleaning and drying, or otherwise.

30. As a direct and proximate result of the negligence of CARNIVAL described above, Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 15.

**WHEREFORE,** the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action and furtherance demands trial by jury of all issues so triable as of right.

*Lugo v. Carnival Corporation*
*Case No.*

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 17th day of February, 2023.

*/s/ NICHOLAS I. GERSON*
NICHOLAS I GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
filing@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone: (305) 371-6000
Facsimile: (305) 371-5749